NOT FOR PUBLICATION                                                                                   CLOSED

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

STANLEY MATICKA,

        Plaintiff,

  v.

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

CIVIL ACTION NO. 05-3220 (JAP)

**OPINION**

APPEARANCES:

Stanley Maticka, *Pro Se*

Christopher J. Christie
United States Attorney
Gina Shin
Special Assistant United States Attorney
Office of the United States Attorney
Social Security Administration
26 Federal Plaza
Room 3904
New York, NY 10278
      Attorneys for Defendant

PISANO, District Judge:

Before the Court is Stanley Maticka's ("Plaintiff") appeal from the Commissioner of the Social Security Administration's ("Commissioner") final decision to deny a waiver of overpayment recovery requested by Plaintiff. The Court has jurisdiction to review this matter under 42 U.S.C. § 405(g) and decides this matter without oral argument, *see* Fed R. Civ. P. 78. The record provides substantial evidence supporting the Administrative Law Judge's ("ALJ") decision that recovery of the overpayment of Social Security disability benefits should not be waived. Accordingly, the Court affirms.

I. **Procedural History**

Plaintiff was awarded disability insurance benefits effective July 1993 for himself and as the payee for his four minor children. He returned to work in 1999 and began a trial work period. Maticka's benefits should have been terminated in February 2000, but did not actually stop until February 2001. The Commissioner concluded that Maticka was overpaid $12,899 and his four children were overpaid $2,154 each. This resulted in a total overpayment of $21,513.

Maticka did not contest the decision that he was overpaid. Rather, Maticka requested that recovery of the overpayment be waived. This request was denied on April 1, 2002. On January 13, 2003, Maticka filed a request for a hearing before an ALJ. ALJ Dennis G. Katz found that Maticka's request was untimely, and issued an Order dismissing the request on February 13, 2003. Maticka filed a request for review of the ALJ's denial with the Appeals Council, and on April 30, 2003, the Appeals Council issued an Order remanding the case for further consideration of the waiver request.

The ALJ conducted a hearing on April 19, 2004, where Plaintiff appeared and gave

testimony. The ALJ issued a written decision on April 30, 2004. He determined that Maticka timely filed a request for waiver. He also found that Maticka was without fault in causing and accepting the overpayments. However, he found that recovery of the overpayment would not be against equity and good conscience, and would not defeat the purpose of Title II. Therefore, the ALJ concluded that recovery of the overpayment could not be waived. Plaintiff requested that the Appeals Council review the ALJ's decision. The Appeals Council denied that request on April 28, 2005, making the ALJ's decision the final decision of the Commissioner.

## II.   Standard of Review

### A.   Administrative Law Decision

A decision of the Commissioner concerning disability benefits must be upheld by the court if an examination of the record reveals substantial evidence supporting the Secretary's conclusion. 42 U.S.C. § 405(g); *see Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986). "Substantial evidence" means more than "a mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. The inquiry is not whether the reviewing court would have made the same determination, but rather whether the Commissioner's conclusion was reasonable. *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Thus, substantial evidence may be slightly less than a preponderance. *Stunkard v. Secretary of Health & Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988).

### B.   Standard for Waiver of Recovery of Overpayment

The applicable standards for waiver of recovery of overpayment are set forth in 42 U.S.C. § 404(a)(1) and (b); 20 C.F.R. § 404.506. Under this statutory and regulatory framework, the

Commissioner is required to seek adjustment or recovery of an overpayment of benefits unless: (1) the individual to whom benefits are overpaid is without fault, and (2) recovery of the overpayment would either defeat the purpose of Title II of the act or be against equity and good conscience. *Lang v. Sullivan*, 762 F.Supp. 628, 631 (D.N.J. 1991). The plaintiff bears the burden of establishing whether a waiver of recovery is applicable. *Id.* at 631-32 (citing *Valente v. Secretary of Health and Human Services*, 733 F.2d 1037, 1042-43 (2d Cir. 1984)).

**III.   Discussion**

Maticka argues that the Commissioner incorrectly denied his waiver request. Because the ALJ found that Plaintiff was without fault, this Court's review must focus on whether substantial evidence supports the ALJ's decision that recovery of the overpayment would not defeat the purpose of Title II or would not be against equity and good conscience.

First, the Court finds that substantial evidence supports the ALJ's finding that recovery of the overpayment would not defeat the purpose of Title II. The phrase "defeat the purpose of Title II" is defined as "to deprive a person of income required for ordinary and necessary living expenses." 20 C.F.R. § 404.508(a). When recovery is attempted from a person who requires the use of substantially all of his current income to meet living expenses, adjustment will defeat the purpose of Title II of the Act. 20 C.F.R. § 404.508(b).

The ALJ appropriately determined that Maticka was financially able to meet the burden of repayment. The remittance of the overpayment is significant, but as the ALJ found, would not affect Maticka's ability to meet his current and ordinary living expenses. As the ALJ observed, Maticka and his wife were both employed and earned good incomes. For example, Maticka's 2002 tax return indicated that he and his wife earned $103,264 in wages and salaries in 2001 and

4

contributed $2,514 as gifts to charity. (Tr. 142, 144). Maticka's 2003 tax return indicated that he and his wife earned $107,613 in 2002 and contributed $2,587 as gifts to charity. (Tr. 201, 203).

Maticka also testified that he held approximately $158,000 in Individual Retirement Accounts ("IRAs") under his name, and records indicate that he has over $200,000 in various IRAs, bank accounts and certificates of deposit. (Tr. 39, 68). Maticka argues that the ALJ should not have taken Plaintiff's IRA into consideration as a resource because he would incur a tax penalty for early withdrawal of funds. The Court disagrees, as a tax penalty does not constitute a legal restriction exempting Maticka's IRAs from consideration as a resource for support and maintenance under the Commissioner's regulations. Specifically, the Social Security Administration's Program Operational Manual System ("POMS") explicitly provides that a retirement fund, such as an IRA, which is owned by an eligible individual is properly considered a resource if he has the option of withdrawing a lump sum, without having to terminate employment to withdraw the funds, even though he is not eligible for periodic payments. POMS SI 01120.210. Because Maticka is the owner of the IRA and can withdraw money from his IRA without having to terminate his employment, the ALJ did not err in considering the fund a resource.

The ALJ also determined that Maticka owns a home worth up to $250,000, which gives him the potential to raise money to repay the debt. However, the Court agrees with Maticka's contention that the value of a person's principal residence should be excluded when determining his resources. *See* 20 C.F.R. § 416.1210. Nonetheless, this does not alter the Court's conclusion that substantial evidence supports the ALJ's determination that Maticka has the capacity to repay. As indicated above, Maticka and his wife earn significant salaries and have sufficient resources.

Additionally, as the Appeals Council noted, at the time of Maticka's original waiver request in August 2001, he and his family had liquid assets of $22,763 and his monthly income exceeded his expenses by $175. (Tr. 5).

The Court also finds that substantial evidence supports the ALJ's finding that recovery of the overpayment would not be against equity and good conscience. A finding that overpayment recovery would be against equity and good conscience may be appropriate where (1) the claimant changes his position for the worse, or where he relinquished a valuable right because of reliance on a notice that a payment would be made or because of the overpayment itself; or (2) the claimant was living in a separate household from the overpaid person at the time of the overpayment. 20 C.F.R. § 404.509(a). Maticka does not allege that he failed to receive the payment because he was living in a separate household. Further, Maticka does not contend that his position changed for the worse or that he relinquished a valuable right because of reliance on a notice that payment would be made or because of the overpayment itself. Indeed, the record is devoid of any evidence that Maticka falls within this narrowly defined regulation. Thus, the ALJ did not err in concluding that the provision concerning "equity and good conscience" was not applicable in this case.

Finally, Maticka contends that the Commissioner inappropriately applied the Tax Refund Offset ("TRO") by intercepting his tax refund prior to a final decision regarding waiver of the overpayment of benefits. Maticka also argues that the Commissioner inappropriately reported him to the credit bureau prior to his hearing before the ALJ. With respect to these arguments, the Court first notes that findings on whether an overpayment can be collected using the TRO are not subject to the administrative review process or to judicial review. 20 C.F.R. § 404.903(p).

Similarly, determining whether information about the overpayment will be referred to a consumer reporting agency is not subject to the administrative review process or to judicial review.  20 C.F.R. § 404.903(t).  To the extent the Court may consider Maticka's arguments regarding the application of the TRO, the Court finds that it was appropriate for the Commissioner to recover the overpayment from Maticka's federal income tax refund on or about May 14, 2004, which was after the ALJ issued his decision on April 20, 3004 denying waiver of recovery of overpayment.

**IV.     Conclusion**

For the foregoing reasons, the Court concludes that substantial evidence supports the ALJ's decision denying Plaintiff's request for a waiver of recovery of overpayment.  An appropriate order accompanies this opinion.

Dated: February 27, 2007

/s/ Joel A. Pisano
JOEL A. PISANO U.S.D.J.